**THE NEWELL LAW FIRM**
FELTON T. NEWELL (SBN 201078)
felton@thenewelllawfirm.com
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, California 90066
Telephone: (213) 394-2617
Facsimile: (213) 402-7187

Attorneys for Defendants:
MAZGANI SOCIAL SERVICES, INC.,
MAHVASH MAZGANI, NAZANIN
MAZGANI, and NEYAZ MAZGANI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRAJ KHOSROABADI, and Individual<br><br>Plaintiff,<br><br>v.<br><br>MAZGANI SOCIAL SERVICES, INC., a California Corporation, MAHVASH MAZGANI, NAZANIN MAZGANI, NEYAZ MAZGANI, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. **8:17-cv-00644-CJC-KES**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>**DATE:** May 22, 2017<br>**TIME:** 1:30 p.m.<br>**JUDGE:** Hon. Cormac J. Carney<br>**CTRM:** 9B |

**THE NEWELL LAW FIRM**
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, CA 90066
Telephone: (213) 394-2617   Facsimile: (213) 402-7187

**THE NEWELL LAW FIRM**
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, CA 90066
Telephone: (213) 394-2617  Facsimile: (213) 402-7187

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on May 22, 2017 at 1:30 p.m., before the Honorable Cormac J. Carney, in Courtroom 9B of the United States Courthouse for the Central District of California, Southern Division, 411 West 4th Street, Santa Ana, California, Defendants Mazgani Social Services, Inc., Mahvash Mazgani, Nazanin Mazgani and Neyez Mazgani (collectively, "Defendants"), will and hereby do move the Court to dismiss with prejudice the fraud (pursuant to Rule 9(b)), violation of the Financial Elder Abuse statute and federal Racketeer Influenced and Corrupt Organizations Act ("RICO") statute under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

In addition, Nazanin Mazgani and Neyaz Mazgani will and hereby do move the Court to dismiss with prejudice each of Plaintiff's claims for violation of Unfair Competition Law (Business and Professions Code Section 17200), violation of the False Advertising Law, breach of fiduciary duty, and violation of the California Consumer Legal Remedies Act under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on April 20, 2017, as the parties were unable to meet earlier.

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested. With respect to all Defendants, Plaintiff fails to describe the alleged fraudulent conduct or violations of the Unfair Competition Law, Elder Abuse statute and FICO statutes with requisite specificity. This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers filed in this action; and such further

165090.1

argument as may be offered at the time of the hearing of this Motion.

Dated: April 21, 2017       **THE NEWELL LAW FIRM**

_____/s/ Felton T. Newell_____
FELTON T. NEWELL

***Attorneys for Defendants***
*MAZGANI SOCIAL SERVICES, INC.,*
*MAHVASH MAZGANI, NAZANIN*
*MAZGANI, and NEYAZ MAZGANI*

**THE NEWELL LAW FIRM**
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, CA 90066
Telephone: (213) 394-2617 Facsimile: (213) 402-7187

165090.1

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

ARGUMENT ...................................................................................................... 1

   A.   The Court Should Dismiss A Claim That Is Insufficiently Pled........ 1

   B.   The Court Should Dismiss Plaintiff's Fraud Claim As to All
        Defendants. .................................................................................... 2

   C.   The Court Should Dismiss the Unfair Competition Law Claim As to
        Nazanin and Neyaz Mazgani.......................................................... 5

   D.   The Court Should Dismiss the False Advertising Law Claim As To
        Nazanin Mazgani and Neyaz Mazgani............................................ 6

   E.   The Court Should Dismiss the Breach of Fiduciary Duty Claim As
        To Nazanin Mazgani and Neyaz Mazgani. ...................................... 7

   F.   The Court Should Dismiss the California Consumers Legal
        Remedies Act Claim As to Nazanin Mazgani and Neyaz Mazgani. ....... 9

   G.   The Court Should Dismiss the Financial Elder Abuse Claim As to
        All Defendants. ............................................................................... 9

   H.   The Court Should Dismiss Plaintiff's Racketeer Influenced and
        Corrupt Organizations Act Claim As To All Defendants. ................ 11

CONCLUSION ................................................................................................ 12

**THE NEWELL LAW FIRM**
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, CA 90066
Telephone: (213) 394-2617  Facsimile: (213) 402-7187

165090.1

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Iraj Khosroabadi's ("Plaintiff") Verified Class Action Complaint (the "Complaint") makes a series of baseless yet grandiose claims about Mazgani Social Services, the business owned and operated by Defendant Mahvash Mazgani. However, Plaintiff's claims lack the factual specificity required for fraud, elder abuse, unfair competition law and Racketeer Influenced and Corrupt Organizations Act ("RICO") causes of action.

Moreover, Plaintiff's allegations with respect to individual defendants Nazanin Mazgani and Neyaz Mazgani regarding Plaintiff's remaining claims for violation of the false advertising law, breach of fiduciary duty and California Consumers Legal Remedies Act are ultimately insufficient to state claims against them. Accordingly, the Court should dismiss with prejudice the fraud, elder abuse and RICO claims as to all Defendants and the Court should dismiss all of Plaintiff's claims against Nazanin Mazgani and Neyaz Mazgani.

## ARGUMENT

### A. The Court Should Dismiss A Claim That Is Insufficiently Pled.

A Rule 12(b)(6) motion is similar to the common law general demurrer—i.e., it tests the legal sufficiency of the claim or claims stated in the complaint. *Strom v. United States,* 641 F. 3d 1051, 1067 (9th Cir. 2011); *SEC v. Cross Fin'l Services, Inc.*, 908 F. Supp. 718, 726-727 (C.D. CA 1995) (quoting text); *Beliveau v. Caras,* 873 F. Supp. 1393, 1395 (C.D. CA 1995) (citing text); *United States v. White,* 893 F. Supp. 1423, 1428 (C.D. CA 1995) (citing text). To determine whether a pleading adequately states a plausible claim for relief, a court must first take "note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal,* 556 US 662, 675 (2009); *Ebner v.*

THE NEWELL LAW FIRM
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, CA 90066
Telephone: (213) 394-2617  Facsimile: (213) 402-7187

*Fresh, Inc.*, 838 F.3d 958, 962, 963 (9th Cir. 2016).  Ninth Circuit courts require plaintiffs to plead facts supporting each element of his or her claim. *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (holding plaintiff must at least "allege sufficient facts to state the elements of … (his or her) claim" (parentheses added)].

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2008) *citing Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 556 (2007).

**B. <u>The Court Should Dismiss Plaintiff's Fraud Claim As to All</u> <u>Defendants.</u>**

Plaintiff's Complaint fails to state a claim for fraud as to all Defendants.  The federal standard for pleading fraud is well settled – a plaintiff must allege the "who, what, where, when, and how" of the fraudulent conduct.  *Vess v. Viba-Geigy Corp.*, 317 F. 3rd 1097, 1106 (9th Cir. 2003).  More specifically, fraud allegations must state "the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation."  *Bassett v. Ruggles*, No. CV-F-09-528, 2009 U.S. Dist. LEXIS 83349, at *62 (E.D. Cal., Sept. 14, 2009) citing *Schrieber Distrib. v. Serv-Well Furniture Co.*, 806 F. 2d 1393, 1401 (9th Cir. 1986). Moreover, Federal Rule of Civil Procedure 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

California law similarly maintains a higher pleading standard for

165090.1

fraud claims than other claims. Under California law, general and conclusory fraud allegations are insufficient. *Stansfield v. Starkey*, 220 Cal. App. 3d 59, 74 (1990) (affirming trial court's holding that vague fraud allegations were inadequate); *Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1268 (1989). Unlike most causes of action, fraud must be pled with particularity, that is, "pleading facts which show how, when, where, to whom, and by what means the representations were tendered." *Stansfield*, 220 Cal. App. 3d at 73; *Lazar v. Super. Ct.*, 12 Cal. 4th 631, 645 (1996). "The effect of this rule is twofold: (a) General pleading of the legal conclusion of 'fraud' is insufficient; the facts constituting the fraud must be alleged. (b) Every element of the cause of action for fraud must be alleged in the proper manner (i.e., factually and specifically) and the policy of liberal construction of the pleadings will not ordinarily be invoked to sustain a pleading defective in any material respect. *Hall v. Department of Adoptions*, 47 Cal. App. 3d 898, 904 (1975) (*quoting* 3 Witkin, California Procedure (2d ed.) section 574.

Plaintiff's fraud claim, which is based on Defendants' purported intentional misrepresentation, must specifically allege the following elements: "(1) a knowingly false representation by the defendant; (2) an intent to deceive or induce reliance; (3) justifiable reliance by the plaintiff; and (4) resulting damages." *Service By Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1816 (1996).

In *Scafidi v. W. Loan and Bldg. Co.*, 72 Cal. App. 2d 550, 553 (1946), in considering whether a fraud claim was adequately pled, the court observed that ". . . in order to successfully plead a cause of action [for fraud based on a promise made without any intent of performing], it has always been held necessary for a plaintiff to allege that the promise so made was made

**MOTION TO DISMISS**

THE NEWELL LAW FIRM
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, CA. 90066
Telephone: (213) 394-2617   Facsimile: (213) 402-7187

THE NEWELL LAW FIRM
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, CA 90066
Telephone: (213) 394-2617   Facsimile: (213) 402-7187

without any intention of performing it, or at least it was made with the intent to deceive or defraud the plaintiff.  A complaint which is silent with respect to these essential allegations fails to state a cause of action for fraud." *Id.* at 558 (emphasis added).  The *Scafidi* court sustained plaintiff's demurrer as "[t]here is, as has been pointed out, a total dearth of allegations in this vital respect, and as a consequence plaintiffs' cause of action is at most one upon a mere nonfraudulent broken promise.  The conclusion is inevitable, therefore, that plaintiffs' complaint does not state a cause of action in fraud, and we so hold." *Id.  See also Tyco Industries, Inc. v. Super. Ct.*, 164 Cal. App. 3d 148, 157 (1985) (holding that the trial court erred in overruling the defendant's demurrer as the complaint "fails to allege that [the defendant] intended not to perform under his relocation agreement as it had promised").

Similarly here, the Complaint falls woefully short of the pleading standard set out in *Scafidi*.  The thrust of the Complaint is that defendant Mahvash Mazgani uses the Company to defraud victims by charging higher fees for services related to the Social Security Administration ("SSA") than the SSA permit.  Complaint ¶¶ 19-41.  The Complaint notes that defendant Nazanin Mazgani practices in her own law firm, specializing in much more than law related to the SSA (*id*. ¶ 19), and that defendant Neyaz Mazgani is currently attending law school. *Id*. ¶26.  However, the Complaint is devoid of required details about the nature of the alleged fraud and the involvement of each of the Defendants.

While the Complaint generally claims: "The Defendants committed intentional fraud in requiring clients to make a preliminary payment during the first meeting for their services when they knew that a written request for said fees must be submitted to SSA before any fees may be collected"

THE NEWELL LAW FIRM
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, CA 90066
Telephone: (213) 394-2617  Facsimile: (213) 402-7187

(Complaint ¶ 59), it lacks allegations regarding: (1) knowingly false misrepresentation made by any of the defendants other than Mahvash Mazgani; (2) intent by any of the Defendants to deceive; (3) justifiable reliance by Plaintiff; or (4) resulting damages.

Thus, the Complaint fails to allege that Defendants ever made an intentional misrepresentation to Plaintiff, that they did so with the intent to deceive, that Plaintiff justifiably relied on the misrepresentation or that he suffered damages as a result.  Without these allegations, the Complaint is deficient and "[t]he conclusion is inevitable, therefore, that plaintiffs' complaint does not state a cause of action in fraud . . ." *Scafidi* at 558.

**C.** **The Court Should Dismiss the Unfair Competition Law Claim As to Nazanin and Neyaz Mazgani.**

The Complaint fails to state a claim for violation of the Unfair Competition Law against defendants Nazanin and Neyaz Mazgani.  A party alleging an unfair business practices cause of action under Section 17200 must identify the particular section of the statutory scheme that was violated and must state with reasonable particularity the facts supporting the statutory elements of the violation.  *See Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993).

Plaintiff's Complaint fails to plead the role of Nazanin Mazgani or Neyaz Mazgani with any particularity.  The Complaint claims that: "Defendant's acts, omissions, misrepresentations, practices and nondisclosures as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL."  Complaint ¶71.  In fact, every reference to "defendant" in the Complaint under the Unfair Competition Law ("UCL") claim is in the singular, failing to describe with particularity the specific basis for liability for each of the Defendants." *See id.* ¶¶ 67-68,

165090.1

71, 73, 75-78.

Furthermore, the sparse allegations regarding Nazanin and Neyaz Mazgani in other sections of the Complaint fail to identify specific misconduct by the sisters that violated the UCL. The Complaint notes that Nazanin Mazgani is an attorney and that Neyaz is a well-educated law student (*see* Complaint ¶ 26) and includes conclusory statements that the "Mazgani Family" collected unlawful fees (*id.* ¶ 39) and "request[ed] as much as $3,500 in addition to what the [Social Security Administration] will authorize as its payment pursuant to CFR§404.1720 et seq." (*Id.* ¶ 40). By failing to specifically identifying how Nazanin and Neyaz Mazgani violated the UCL, the Complaint is insufficiently pled, and should be dismissed as to these defendants.

## D. The Court Should Dismiss the False Advertising Law Claim As To Nazanin Mazgani and Neyaz Mazgani.

Similarly, Plaintiff's claim for violation of the False Advertising Law fails to sufficiently state a claim as to defendants Nazanin Mazgani and Neyaz Mazgani. Business and Professions Code Section 17500 makes it unlawful for any person, firm corporation, or association, or any employee thereof, to make or disseminate or cause to be made or disseminated, either to the public in California or from California to the public in any state, any statement concerning real or personal property or services, professional or otherwise, or concerning any circumstance or matter of fact connected with the proposed performance or disposition of the property or services. A violation occurs if the statement is: (1) untrue or misleading, (2) is known, or by the exercise of reasonable care should be known, to be untrue or misleading, and (3) is made or disseminated or caused to be made or disseminated with intent directly or indirectly to dispose of the property, to

THE NEWELL LAW FIRM
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, CA 90066
Telephone: (213) 394-2617 Facsimile: (213) 402-7187

6
MOTION TO DISMISS

165090.1

perform the services, or to induce the public to enter into any obligation relating thereto. The prohibition extends to statements in any newspaper or other publication, or any advertising device, or by public outcry or proclamation, or in any other manner or means whatsoever. Bus. & Prof. Code § 17500.

It is also unlawful for any person doing business in California and advertising to consumers in California to make any false or misleading advertising claim, including claims that (1) purport to be based on factual, objective, or clinical evidence, (2) compare the product's effectiveness or safety to that of other brands or products, or (3) purport to be based on any fact. Bus. & Prof. Code § 17508(a).

As with the UCL claim, the Complaint fails to identify how Nazanin and Neyaz Mazgani specifically violated the False Advertising Law. The relevant section of the complaint refers to: "Defendants' business practices as alleged herein," when those "practices", and each defendant's specific role in them, were never alleged. Accordingly, this claim should be dismissed as to Nazanin and Neyaz Mazgani.

**E. <u>The Court Should Dismiss the Breach of Fiduciary Duty Claim As To Nazanin Mazgani and Neyaz Mazgani.</u>**

The Complaint fails to allege a relationship between Nazanin Mazgani and Neyaz Mazgani, on the one hand, and Plaintiff, on the other hand, that would give rise to a fiduciary duty. "A fiduciary relationship is any relation existing between parties to a transaction wherein one of the parties is in duty bound to act with the utmost good faith for the benefit of the other party. Such a relation ordinarily arises where a confidence is reposed by one person in the integrity of another, and in such a relation the party in whom the confidence is reposed, if he voluntarily accepts or

165090.1

**THE NEWELL LAW FIRM**
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, CA 90066
Telephone: (213) 394-2617   Facsimile: (213) 402-7187

assumes to accept the confidence, can take no advantage from his acts relating to the interest of the other party without the latter's knowledge or consent." *Wolf v. Super. Ct.*, 107 Cal. App. 4th 25, 29 (2003) (internal citations omitted).

Before a person assumes a fiduciary obligation, he or she must either "knowingly undertake to act on behalf and for the benefit of another, or must enter into a relationship which imposes that undertaking as a matter of law." *Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 221 (1983). The Complaint alleges that Plaintiff met only with Mahvash Mazgani "to inquire about SSI and SSD benefits. . ." Complaint ¶27. There is no allegation that Plaintiff reposed confidences in Nazanin or Neyaz Mazgani, or that he ever even met them. Since no such relationship existed, no fiduciary duty was ever created between Nazanin or Neyaz Mazgani, on the one hand, and Plaintiff, on the other hand. *Wolf*, 107 Cal. App. 4th at 29.

In addition to failing to identify how Nazanin and Neyaz Mazgani have a fiduciary duty to Plaintiff, the Complaint also fails to adequately allege any involvement in wrongdoing that would create liability for Nazanin and Neyaz in their alleged capacities as officers of the Company. California law provides that mere status as a corporate officer does not expose that officer to liability for all of the corporation's activities. As the California Supreme Court held in *United States Liability Insurance Company v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 595 (1970): "Directors or officers of a corporation do not incur personal liability for torts of the corporation merely by reason of their official position, unless they participate in the wrong or authorize or direct that it be done." *See also Frances T. v. Village Green Owners Association*, 42 Cal. 3d 490, 505 (1986) (holding: "It is well

165090.1

THE NEWELL LAW FIRM
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, CA. 90066
Telephone: (213) 394-2617   Facsimile: (213) 402-7187

settled that corporate directors cannot be held vicariously liable for the corporation's torts in which they do not participate.  Their liability, if any, stems from their own tortious conduct, not from their status as directors or officers of the enterprise").

Here, there is no allegation that Nazanin Mazgani or Neyaz Mazgani had any role with respect to the alleged breach of fiduciary duties to Plaintiff.  The Complaint merely alleges that Nazanin Mazgani is "a seasoned attorney licensed to practice law in the State of California" (Complaint ¶ 26)" and that Neyaz Mazgani "has spent the last 18-years of her life (post-secondary school) in academia and is currently on the fast track to obtain a doctorate in law." *Id.*  There is no allegation that either Nazanin or Neyaz ever met the Plaintiff or assumed any role in providing services to him.  As the Complaint fails to allege any actual breach by Nazanin or Neyaz, they cannot be liable to Plaintiff for breach of fiduciary duty.

**F.** **The Court Should Dismiss the California Consumers Legal Remedies Act Claim As to Nazanin Mazgani and Neyaz Mazgani.**

Plaintiff's claim under the California Consumers Legal Remedies Act fails to state a claim as to Nazanin and Neyaz Mazgani.  While the Complaint includes conclusory statements that "Defendants (a business woman, lawyer and academic) knowingly take advantage of the elderly and disabled because they know that they are easy victims, especially when they are already isolated from the rest of society through language and ethnic barriers," it lacks details regarding how Nazanin Mazgani and Neyaz Mazgani violated the statute.  Complaint ¶ 97.  Given the absence of specific allegations regarding misconduct by Nazanin and Neyaz Mazgani, the Court should dismiss the claim as to these defendants.

**G.** **The Court Should Dismiss the Financial Elder Abuse Claim As to All Defendants.**

165090.1

THE NEWELL LAW FIRM
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, CA 90066
Telephone: (213) 394-2617  Facsimile: (213) 402-7187

The Complaint's financial elder abuse claim is insufficient to state a claim. Welfare & Institutions Code Section 15610.30(a) expresses the basic broad definition of financial abuse that occurs when a person or entity does any of the following:

• takes, secretes, appropriates, obtains or retains, any interest in real or personal property, for a wrongful use, or with intent to defraud or both;

OR

• assists in doing any of the above described acts;

OR

• does any of the above described acts through "undue influence" as defined in Welfare & Institutions Code Section 15610.70. *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 174 (2009); *Bonfigli v. Strachan*, 192 Cal. App. 4th 1302, 1316 (2011). Moreover, claims under the Elder Abuse Act must be pled with particularity. *Covenant Care, Inc. v. Super. Ct.*, 32 Cal. 4th 771, 790 (2004).

The allegations of Plaintiff's Complaint regarding elder abuse are insufficient to state a claim. As an initial matter, the Complaint fails to allege Plaintiff's age or that Defendants have specifically engaged in the prohibited conduct with respect to anyone 65 years of age or older.

Moreover, despite the requirement for pleading with specificity, the allegations of the Complaint are sparse and general. "As argued above, Defendants acted with purpose, intent and knowledge when they committed fraud and appropriation, and their conduct was objectively outrageous." Complaint ¶111.

Finally, the Complaint fails to allege that either Nazanin or Neyaz Mazgani engaged in or assisted in the prohibited conduct. Accordingly, the elder abuse claim should be dismissed with prejudice.

## H. <u>The Court Should Dismiss Plaintiff's Racketeer Influenced and Corrupt Organizations Act Claim As To All Defendants.</u>

The Complaint fails to adequately state a claim for violation of the federal RICO statute as to all Defendants.  To state a RICO claim, the Complaint must allege that the Defendants: (a) received income derived from a pattern of racketeering activity, and use the income to acquire or invest in an enterprise in interstate commerce; (b) acquire or maintained an interest in, or control of, an enterprise engaged in interstate commerce through a pattern of racketeering activity; (c) caused an enterprise engaged in interstate commerce, while employed by the enterprise, to conduct or participate in a pattern of racketeering activity; or (d) conspired to engage in any of these activities. 18 U.S.C. § 1962, *see also United States v. Turkette*, 452 U.S. 576, 583 (1981). Here, the Complaint fails to adequately plead a RICO enterprise or the requisite predicate.

Racketeering activity is any act indictable under the provisions of 18 U.S.C. § 1961(1), referred to as "predicate acts" under the statute.  *Forsyth v. Humana Inc.*, 114 F.3d at 1481 (1997).  A "pattern" requires the commission of at least two predicate acts of "racketeering activity" within a ten-year period.  18 U.S.C. § 1961 (5). An "enterprise" includes "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961 (4).

All RICO claims involving fraud must be alleged with particularity. *Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397, 405 (9th Cir. 1991). A plaintiff must allege the time, place, and manner of each predicate act, the nature of the scheme involved, and the role of each defendant in the scheme.  *Id.* at 405. Measured against this

**THE NEWELL LAW FIRM**
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, CA 90066
Telephone: (213) 394-2617   Facsimile: (213) 402-7187

requirement, the Complaint falls woefully short of the requisite standard as it fails to allege the requisite facts comprising any of the RICO predicate acts as alleged against the Defendant.

Plaintiff's RICO claim has the same defects as his fraud claim, in that it fails to allege specific facts regarding the time, place and manner of the predicate acts.  The Complaint is replete with conclusory statements, such as: "Each of the Defendants are engaged in activities of federal interstate and foreign commerce, and are entities capable of holding a legal or beneficial interest in property."  Complaint ¶118.  However, these statements are insufficiently specific.  Moreover, the Complaint also fails to identify the specific role of each defendant in the scheme.  Most egregious are the allegations regarding Nazanin and Neyaz Mazgani, about whom the Complaint merely alleges: "Mahvash employs her daughters Neyaz and Nazanin in procuring their fees from the SSA and illegally directly from their clients."  There are no factual allegations regarding the nature of the alleged employment of Nazanin and Neyaz Mazgani and no allegations of the time, place and manner the sisters engaged in predicate acts in support of the vaguely described "scheme."  Since the Complaint fails to allege sufficient facts regarding Plaintiff's RICO claim, this cause of action should be dismissed with prejudice as to all Defendants.

## <u>CONCLUSION</u>

For all the foregoing reasons, Defendants respectfully request that the Court dismiss with prejudice Plaintiff's claims for fraud, elderly abuse and RICO as to all Defendants, and all claims against Nazanine Mazgani and Neyaz Mazgani.

165090.1

Respectfully submitted.

Dated: April 21, 2017               THE NEWELL LAW FIRM


                                    _____/s/ Felton T. Newell_____
                                         FELTON T. NEWELL

                                    *Attorneys for Defendants*
                                    *MAZGANI SOCIAL SERVICES, INC.,*
                                    *MAHVASH MAZGANI, NAZANIN*
                                    *MAZGANI, and NEYAZ MAZGANI*

165090.1

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*, 556 US 662, 675 (2009) ................................................................ 2

*Bassett v. Ruggles*, No. CV-F-09-528, 2009 U.S. Dist. LEXIS 83349, at \*62 (E.D. Cal., Sept. 14, 2009) ................................................................ 3

*Beliveau v. Caras*, 873 F. Supp. 1393, 1395 (C.D. CA 1995) ................................ 1

*Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 556 (2007) .......................... 2

*Bonfigli v. Strachan*, 192 Cal. App. 4th 1302, 1316 (2011) ................................. 12

*Committee on Children's Television, Inc. v. General Foods Corp.*, 35 Cal. 3d 197, 221 (1983) ................................................................ 9

*Covenant Care, Inc. v. Super. Ct.*, 32 Cal. 4th 771, 790 (2004) ........................... 12

*Ebner v. Fresh, Inc.*, 838 F.3d 958, 962, 963 (9th Cir. 2016). ............................... 2

*Forsyth v. Humana Inc.*, 114 F.3d at 1481 (1997) ............................................... 13

*Frances T. v. Village Green Owners Association*, 42 Cal. 3d 490, 505 (1986) ...... 10

*Hall v. Department of Adoptions*, 47 Cal. App. 3d 898, 904 (1975) ...................... 4

*Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) 2

*Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993) ................ 6

*Lancaster Community Hospital v. Antelope Valley Hospital District*, 940 F.2d 397, 405 (9th Cir. 1991) ................................................................ 14

*Nagy v. Nagy*, 210 Cal. App. 3d 1262, 1268 (1989) ............................................... 3

*Scafidi v. W. Loan and Bldg. Co.*, 72 Cal. App. 2d 550, 553 (1946) .............. 4, 5, 6

*Schrieber Distrib. v. Serv-Well Furniture Co.*, 806 F. 2d 1393, 1401 (9th Cir. 1986) ................................................................ 3

*SEC v. Cross Fin'l Services, Inc.*, 908 F. Supp. 718, 726-727 (C.D. CA 1995) ..... 1

*Service By Medallion, Inc. v. Clorox Co.*, 44 Cal. App. 4th 1807, 1816 (1996) ..... 4

*Stansfield v. Starkey*, 220 Cal. App. 3d 59, 74 (1990) ............................................ 3

*Strom v. United States*, 641 F. 3d 1051, 1067 (9th Cir. 2011) ............................... 1

*Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 174 (2009) .................................. 12

*Tyco Industries, Inc. v. Super. Ct.*, 164 Cal. App. 3d 148, 157 (1985) ................. 5

**THE NEWELL LAW FIRM**
12777 W. Jefferson Blvd., Bldg. D, Ste. 300
Playa Vista, CA 90066
Telephone: (213) 394-2617  Facsimile: (213) 402-7187

*United States Liability Insurance Company v. Haidinger-Hayes, Inc.,* 1 Cal. 3d 586, 595 (1970) ......................................................................... 10

*United States v. Turkette*, 452 U.S. 576, 583 (1981) .............................. 13

*Vess v. Viba-Geigy Corp.*, 317 F. 3rd 1097, 1106 (9th Cir. 2003) ............ 3

*Wolf v. Super. Ct.*, 107 Cal. App. 4th 25, 29 (2003) ....................... 9, 10

## <u>Statutes</u>

18 U.S.C. § 1961 (4) ................................................................................ 11

18 U.S.C. § 1961 (5) ................................................................................ 11

18 U.S.C. § 1961(1) ................................................................................. 11

18 U.S.C. § 1962 ...................................................................................... 11

Bus. & Prof. Code § 17500 ........................................................................ 7

Bus. & Prof. Code § 17508(a) .................................................................... 7

Business and Professions Code Section 17500 .......................................... 6

Welfare & Institutions Code Section 15610.30(a) .................................. 10

Welfare & Institutions Code Section 15610.70 ...................................... 10

## <u>Other Authorities</u>

3 Witkin, California Procedure (2d ed.) section 574 ................................. 3

## <u>Regulations</u>

CFR § 404.1720 et seq. .............................................................................. 6

165090.1

# PROOF OF SERVICE

*Khosroabadi v. Mazgani Social Services, Inc. et al.*
**Case No.  8:17-cv-00644-CJC-KES**

United States District Court            )
                                                       ) ss.
Central District of California          )

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 12777 W. Jefferson Blvd., Bldg. D, Ste. 300, Playa Vista, CA 90066.

On this date, I served the foregoing document(s) described as:

## DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS

on all other parties and/or their attorney(s) of record to this action by placing a true copy thereof in a sealed envelope, as follows:

## SERVICE LIST

Robert B. Salgado, Esq.                    *Attorneys for Plaintiff*
Aperture Law Firm                          Iraj Khosroabadi
PO Box 17741
San Diego, CA 92117

☐ BY MAIL: By placing a true copy thereof in a sealed envelope and addressed to the parties listed below.  I placed such envelope(s) for deposit in the U.S. Mail for service by the United States Postal Service, with postage thereon fully prepaid.
I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing.  Under that practice, it

16

would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐ BY HAND DELIVERY/PERSONAL SERVICE: I caused the foregoing envelope to be delivered by hand.

☐ BY FACSIMILE. On this date, by facsimile transmission to the parties and/or to their attorney(s) of record stated above and/or attached list to their know business facsimile number(s).

☒ BY E-MAIL. On this date, by electronic transmission (e-mail) to the parties and/or to their attorney(s) of record stated above and/or attached list to their known e-mail address(es). The document(s) was/were transmitted by electronic transmission. The transmission was reported as complete and without error.

☐ BY OVERNIGHT DELIVERY. On this date, I placed the Federal Express (or other overnight couriers) package for overnight delivery in a box or location regularly maintained by Federal Express (or other overnight couriers) at my office or I delivered the package to an authorized courier or driver authorized by Federal Express (or other overnight couriers) to receive documents and/or packages. The document(s) was/were placed in a sealed envelope or package designated by Federal Express (or other overnight couriers) with delivery fees paid or provided for, addressed to the person(s) on whom it is to be served at the address(es) shown above/attached list, at the office address(es) as last given by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

☒ BY ECF. Filed and served electronically in accordance with the Court's electronic filing ("ECF") rules, pursuant to which registered ECF users receive service copies by e-mail delivery.

☐ STATE: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

165090.1

⊠     FEDERAL: I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made, and I certify under penalty of perjury that the foregoing is true and correct.

Executed on this 21st day of April, 2017, at Los Angeles, California.

| Felton T. Newell | /s/ Felton T. Newell |
|---|---|
| [NAME] | [SIGNATURE] |

165090.1